UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLOSSIE Y. BARNES,

        Plaintiff,

v.

FEDERAL INSURANCE COMPANY, *et al.*,

        Defendants.

Case No. 1:24-cv-1271

Hon. Hala Y. Jarbou

**REPORT AND RECOMMENDATION
TO DISMISS CASE FOR FAILURE TO PROSECUTE**

**I.     Background**

This matter has been referred to me for decision pursuant to W.D. Mich. LCivR 72. (ECF No. 27).  This is a breach of contract case.  Plaintiff alleges that Defendants breached their contractual obligations to provide Plaintiff insurance benefits following the death of her husband. For the reasons that follow, I recommend that the case be dismissed for want of prosecution.

In August 2024, Plaintiff filed this case in 14th Circuit Court for the County of Muskegon. (ECF No. 1-2).  In December, Defendants removed the case to this Court.  (ECF No. 1).  Plaintiff's counsel almost immediately moved to withdraw because he was not admitted to practice in this Court.  (ECF Nos. 12, 16).  Counsel said he would advise his client to hire another lawyer and provided the Court with Plaintiff's last known address. The Court set the matter for hearing and ordered that Plaintiff and her attorney appear at the hearing.  (ECF No. 17).

The hearing was held on December 20, 2024.  Plaintiff did not appear, but her counsel did, and the Court granted his motion to withdraw.  (ECF No. 22).  Plaintiff thereafter

filed a one-page handwritten "status report" which could be fairly read as a statement of her desire to discontinue this litigation. (ECF No. 24). She then appeared by phone for a status conference on February 5, 2025. (ECF No. 26). The Court has had no contact with her, or counsel on her behalf, since that time. Subsequent efforts by the Court to contact Plaintiff have come back undeliverable. (ECF Nos. 29, 34).

Based on these events, I issued an Order to Show Cause why Plaintiff's case should not be dismissed for want of prosecution. (ECF No. 35). A hearing was set for September 3, 2025. Plaintiff was ordered to appear and cautioned that failure to appear would result in her case being dismissed. Plaintiff failed to appear and, as of this date, the Court still has had no contact from her.

## II.   Discussion

"It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). "Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008). Under Local Civil Rule 41.1, "If good cause is not shown within the time set in the show cause order, the presiding judge may enter an order of dismissal with or without prejudice, with or without costs. Failure of a plaintiff to keep the court apprised of a current address shall be grounds for dismissal for want of prosecution." However, before *sua sponte* dismissing a lawsuit for failure

2

to prosecute, a court typically must warn a party that "further noncompliance would result in dismissal." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005).

District courts in this circuit examine four factors to determine whether a case should be dismissed for want of prosecution under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015). As Magistrate Judge Patricia T. Morris observed in a case involving a *pro se* Social Security claimant,

> When managing cases involving *pro se* litigants, the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation. However, the Court must also balance the defendant's right to a fair and timely resolution of the litigation, and therefore *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily- comprehended court deadlines.

*Allen o/b/o B.S.A. v. Comm'r of Soc. Sec.*, No. 20-13435, 2022 WL 604167, at *2 (E.D. Mich. Feb. 8, 2022) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991), *Gayles v. Comm'r of Soc. Sec.*, No. 09-11914, 2010 WL 3582553, at *1 (E.D. Mich. Sept. 9, 2010)), *report and recommendation adopted*, 2022 WL 600861 (E.D. Mich. Feb. 28, 2022).

In *Allen*, the plaintiff was warned that failure to file a motion and brief may result in dismissal. *Id.* Nevertheless, no motion or brief was filed. Magistrate Judge Morris found that, "[w]hile it is not clear that [the p]laintiff's failure to prosecute stems from willfulness or bad faith,

3

I nonetheless suggest that [the Commissioner] should not be further prejudiced by [the p]laintiff's failure to pursue his claims[,]" and that the plaintiff's "lack of participation in the case suggests that lesser sanctions would be fruitless." *Id.* (collecting cases).

In this case, Plaintiff failed to appear for two court hearings after being ordered to do so. She filed a written statement of her apparent desire to discontinue this litigation. She did not keep the Court apprised of a current address and the Court has no way of contacting her. Finally, Plaintiff was warned that failure to appear at the show-cause hearing would result in dismissal of her case.

While it is not clear that Plaintiff's failure to prosecute stems from willfulness or bad faith, the undersigned nonetheless recommends dismissal because the Defendants should not be further prejudiced by Plaintiff's failure to pursue her claims. And as in *Allen o/b/o B.S.A.*, Plaintiff's lack of participation in the case suggests that lesser sanctions would be fruitless. *See Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013) (holding that where a petitioner "effectively abandon[s] the case . . . dismissal is the only appropriate remedy available"); *see also Bullard v. Roadway Exp.*, 3 F. App'x 418, 421 (6th Cir. 2001) (per curiam) ("[A] district court does not abuse its discretion by dismissing a case when other sanctions might be workable as long as dismissal is supported by the facts.").

4

### III.     RECOMMENDATION

For the reasons set forth above, the undersigned recommends that this case be **DISMISSED** under Federal Rule of Civil Procedure 41(b) and Western District of Michigan Local Rule 41.1 for failure to prosecute.

Dated: September 24, 2025                                  /s/ Ray Kent
                                                                                      RAY KENT
                                                                                      United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).